RHODE ISLAND HOSPITAL *vs.* JOHN B. LEWIS.

JUNE 19, 1930.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Barrows, and Murdock, JJ.

BARROWS, J.   Respondent is here on appeal from a decree of the Superior Court based upon Article II, Section 5 of the Workmen's Compensation Act, General Laws, 1923, Chapter 92 as amended by Public Laws, 1926, Chapter 764. The decree ordered payment in full to petitioner of its claim for $42 for services to one Thomas Gilheeney, an employee of the respondent, injured in the course of his employment and taken to the hospital on February 5, 1929, where he died on February 17, 1929, leaving no dependents.

The appellant asserts that the decree is in violation of Article II, Section 9 of the Workmen's Compensation Act. Section 5 requires the employer during the first eight weeks after the injury to furnish "reasonable  .  .  .  hospital

services'' at not exceeding $3 per day and, as amended, gives to the hospital the right to proceed directly against the employer if due notice has been given. Notice that payment for petitioner's services would be claimed pursuant to Section 5 was given as required within seven days after Gilheeney was taken to the hospital on February 5, 1929.

It is contended that the death of Gilheeney relieved respondent of liability for the claim of petitioner which then had accrued under Section 5 and that the hospital was entitled to compensation only under Article II, Section 9, which provided that: ''If the employee dies as a result of the injury leaving no dependents at the time of the injury, the employer shall pay, in addition to any compensation provided for in this chapter, the reasonable expenses of his last sickness and burial, which shall not exceed two hundred dollars.'' Respondent urged that petitioner's and doctor's services were expenses of Gilheeney's last sickness and with those of burial amounted to $409 and offered to pay to petitioner $20.54, which was the proportionate part of $42 that $200 bears to $409. Respondent paid without litigation such proportions of the doctor's and undertaker's bills. He conceded the hardship to petitioner but asserted it could be avoided only by legislative action.

Respondent admits that his view will result in possible diminution of payment for services rendered prior to death, by funeral expenses, in the amount of which petitioner has no voice, but urges that Section 9 is intended to modify any obligation of the employer to the hospital or doctor created, by Section 5, if the obligation arose during what turns out to be the last sickness of a man without dependents; that both Section 5 and Section 9 may not be given full effect in the present case and that the latter, being specific, should modify the former. He refers us to certain indisputable rules of construction regarding inconsistent, general and particular provisions in statutes.

Our question is whether the sections are necessarily irreconcilable. Both must be given effect if possible. Section

5 applies irrespective of dependents. Originally it covered reasonable medical and hospital expenses for the first two weeks only. Public Laws, 1912, Chap. 831. When amended by Chapter 764, *supra*, the act established more extensive "compensation" rights for the doctor and hospital and allowed direct procedure against the employer. *Henry* v. *American Enamel Co.*, 48 R. I. 113, cf. *Western Metal Supply Co.* v. *Pillsbury*, 172 Cal. 407. Section 9 in terms refers to additional compensation in other sections of the chapter. If this compensation is fairly referable to Section 5, we may not assume that the legislature meant in Section 9 that death of the employee, as a result of the accident, and without dependents should deprive the hospital of a claim which already had accrued under Section 5.

We do not consider that Section 9 bars the application of Section 5. Section 9, as shown by its language, was not enacted to cut down previously imposed obligations. It was to create a definite responsibility of the employer for needed treatment and burial of the injured workman where no one was bound therefor. The reference to additional compensation has some meaning. Respondent contends that it means only lost wages. Such could not have been its application to a state of facts like the present under the act as passed in 1912 for no wages were then payable for the first two weeks after the injury. Art. II, Sec. 4.

It is true Section 5 may cover payments for a hospital and doctor in what turns out to be the last sickness, and it is possible that an unfair duplication of charges might occur, but in both sections the reasonableness of the charges is a question for the same court and the danger of unjust duplication is negligible.

Our construction is a liberal one but it effectuates the purpose of the Act which we have said is to be construed liberally. *Donahue* v. *R. A. Sherman Sons Co.*, 39 R. I. 373; *Desrochers* v. *Atwood-Crawford Co.*, 47 R. I. 116. Nowhere, without adopting a narrow construction, do we discover legislative intent to modify an established right of

the hospital to collect its claim and permit the employer to unload his obligation to care for his workmen upon a charitable hospital or doctor. The legislature did not intend to make the employee's death a stroke of good fortune for the employer by which to escape obligations already created.

The trial justice aptly said that the result of respondent's construction would be to deprive the hospital of a portion of the amount justly due to it for services rendered, liability for which already had accrued, and in cases of serious injuries would leave the hospital "to gamble, upon the probability of a man living, to determine whether it would continue to render its services during the first weeks after the injury." The act did not intend to place the hospital in such a position. The employer is the one upon whom the law intended to fasten the duty of paying medical and hospital bills for the first eight weeks, and Section 9 was never intended to have death relieve him of proper doctor's and hospital charges which had arisen prior to death under Section 5.

Section 5 and Section 9 both may be given effect and the employer then will pay only what the act intended he should pay.

The appeal of the respondent is dismissed, the decree appealed from is affirmed and the cause is remanded to the Superior Court for further proceedings.

*Elmer E. Tufts, Jr., Ronald B. Smith, Edwards & Angell,* for petitioner.

*Gardner, Moss & Haslam,* for respondent.